IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KENT A. HOGGAN, et al.,<br><br>    Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:16-cv-863-TC-BCW |

Defendant Kent A. Hoggan filed a motion asking the court to hold Plaintiff United States in contempt for allegedly violating a bankruptcy injunction. (See ECF No. 34.) In his motion, he asks the court to sanction the United States by dismissing its Amended Complaint, imposing monetary fines, and awarding damages to Mr. Hoggan. For the reasons set forth below, the court denies the motion.

**The Bankruptcy Injunction**

According to the United States, Mr. Hoggan has not paid tax liabilities for the years 2000, 2003, 2004, and 2005. This suit has been filed to recover those liabilities.

In May 2010, Mr. Hoggan filed for bankruptcy and listed his tax liabilities in the bankruptcy schedules. In September 2010, the bankruptcy court issued a discharge under 11 U.S.C. § 727.

Mr. Hoggan contends that the bankruptcy discharge eliminated his past tax obligations.

He also asserts that when his bankruptcy was discharged, Section 524 of the Bankruptcy Code imposed a statutory injunction (the Injunction) barring the United States' action to recover payment of those liabilities. Citing 11 U.S.C. § 105, and the Injunction, Mr. Hoggan filed the motion now before the court, in which he argues that the United States, by filing its complaint, is in contempt for violating the Injunction.

In response, the United States points to the rule that tax liabilities are excluded from the discharge when fraud is alleged. Section 523 of the Bankruptcy Code provides that a general discharge does not cover taxes "with respect to which the debtor [i] made a fraudulent return or [ii] willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(10)(C). Here, the United States alleges that Mr. Hoggan submitted fraudulent income tax returns and/or attempted to evade paying his tax liabilities. Consequently, says the United States, the liabilities are excluded from the discharge and the cause of action is not subject to the Injunction.

The court agrees. Mr. Hoggan has not cited to any provision of the Bankruptcy Code that bars the United States' action to collect the tax liabilities. Given the court's finding, the United States cannot be in contempt of the Injunction because the debts it seeks to reduce to judgment were not discharged.[1]

ORDER

For the foregoing reasons, Defendant Kent A. Hoggan's 11 U.S.C. § 105 Motion for an Order of Contempt and Sanctions for Violation of the Federal Statutory Discharge Injunction of

---

[1] Mr. Hoggan's request for relief is limited to a finding of contempt and a corresponding sanction of dismissal and monetary fines. Having found no contempt, the court need not address the remaining points in the briefs (e.g., timeliness, IRS policies, and communications) because they are not the basis for the relief Mr. Hoggan seeks.

Section 524(a)(2) of the Bankruptcy Code (ECF No. 34) is DENIED.

DATED this 7th day of August, 2017.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge